1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   KENNETH W. PITCHFORD          )   NO. EDCV 06-00978 SS
                                    )
12                   Plaintiff,     )
                                    )   **MEMORANDUM DECISION AND ORDER**
13          v.                      )
                                    )
14   MICHAEL J. ASTRUE,             )
     Commissioner of the Social     )
15   Security Administration,       )
                                    )
16                   Defendant.     )
     _____)

17

18       Kenneth Pitchford ("Plaintiff") brings this action seeking to

19   overturn the decision of the Commissioner of the Social Security

20   Administration (hereinafter the "Commissioner," or the "Agency") denying

21   his application for Supplemental Security Income and Disability

22   Insurance Benefits.  The parties consented, pursuant to 28 U.S.C. §

23   636(c), to the jurisdiction of the undersigned United States Magistrate

24   Judge.  For the reasons stated below, the decision of the Commissioner

25   is REVERSED and REMANDED for further proceedings.

26   \\

27   \\

28   \\

**PROCEDURAL HISTORY**

Plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on March 18, 2004. (Administrative Record ("AR") 77, 235).[1]  He also filed an application for Disability Insurance Benefits on May 11, 2004. (AR 48).  Plaintiff alleges that he is disabled due to an affective mood disorder and difficulty completing work assignments. (AR 84).  In both applications, Plaintiff notes that his disability onset date was November 20, 2003. (AR 48, 77).

The Agency denied Plaintiff's claims for benefits initially and upon reconsideration. (AR 19, 26).  On February 2, 2006, Administrative Law Judge ("ALJ") Joseph Schloss conducted a hearing reviewing Plaintiff's claims.  (AR 236).  Plaintiff, who was represented by counsel, testified briefly. (AR 238-251).  The ALJ denied benefits on April 27, 2006. (AR 16).  Plaintiff sought review before the Appeals Council on May 4, 2006. (AR 7).  The Appeals Council denied review on July 21, 2006, making the ALJ's decision the final decision of the Commissioner.  (AR 4).  Plaintiff commenced the instant action on September 6, 2006.  Pursuant to the Court's Case Management Order, the parties filed a joint stipulation ("Jt. Stip.") on June 4, 2007.

\\

\\

\\

---

[1]  Plaintiff previously filed a Title II application on September 15, 2001.  (AR 11).  The Agency denied that application and Plaintiff did not appeal the decision.  (Id.).

2

1

## FACTUAL BACKGROUND[2]

2

3    Plaintiff was born on December 24, 1946, and was fifty-nine years
4    old at the time of the hearing. (AR 17).  Plaintiff lives with his
5    mother.  (AR 86).  He has a bachelor's degree in geology and worked as
6    a geologic consultant for 23 years. (See AR 155, 242, 248).

7

8    **A.    Plaintiff's Relevant Medical History**

9

10    Plaintiff suffered a traumatic head injury in a motorcycle accident
11    in either 1987 or 1988.  (AR 199, 204).  Richard Gordinier, M.D.,
12    Plaintiff's treating physician, noted that Plaintiff's depression began
13    on August 6, 2001.  (AR 173).  On June 1, 2004, Dr. Gordinier stated
14    that Plaintiff has "long standing bipolar disease with panic attacks."
15    (AR 174).  Despite Plaintiff's depression and anxiety, Dr. Gordinier
16    never considered referring Plaintiff to a mental health professional.
17    (AR 208-209).  Dr. Gordinier prescribed Plaintiff Fluoxetine (Prozac)
18    and noted improvement in Plaintiff's mental state.  (AR 186).  Dr.
19    Gordinier also prescribed Effexor for Plaintiff's depression and
20    anxiety.  (See AR 190).  On August 3, 2004, Dr. Gordinier reported that
21    during office visits, Plaintiff was alert and appropriate, cooperated
22    with keeping appointments, followed simple instructions, and got along
23    with others.  (AR 208-209).
24    //
25    //

26

27          [2]  The Court limited its factual background discussion to facts
28    relating to Plaintiff's general medical history and Plaintiff's mother's
      testimony.

B.   **Mother's Questionnaire**

On June 18, 2004, Inez Pitchford, Plaintiff's mother, filled out an "Function Report-Adult Third Party" (hereinafter the "questionnaire") regarding how Plaintiff's illnesses, injuries, or conditions limit his daily activities.[3]  (AR 86).   In the questionnaire, Plaintiff's mother stated that 1) she currently takes care of her son, 2) he watches TV and sleeps from the time he wakes up until he goes to sleep, 3) he cannot hold a job and does not have a social life, 4) his sleep is irregular and he sometimes sleeps for days, 5) he needs reminders to take his medication, 6) he cannot do chores either physically or mentally, 7) he cannot track money, and 8) he has trouble remembering and focusing.  (AR 86-91).   Regarding Plaintiff's ability to work, Plaintiff's mother asserts that Plaintiff has problems handling stress, following written or spoken instructions, and has problems getting along with others.  (AR 91, 92).   In addition, Plaintiff's mother stated that he has several physical limitations, including: lifting, squatting, bending, standing, reaching, walking, kneeling, and hearing.  (AR 91).

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[4] and that is expected to

---

[3]  Inez Pitchford did not sign the questionnaire.  (AR 94).

[4]   Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. § 404.1510.

4

result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2)   Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4)   Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5)   Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

5

1  _Tackett_, 180 F.3d at 1098-99; _see also_ _Bustamante v. Massanari_, 262 F.3d

2  949, 953-54 (9th Cir. 2001) (citing _Tackett_); 20 C.F.R. §§ 404.1520(b)-

3  (g)(1) & 416.920(b)-(g)(1).

4

5      The claimant has the burden of proof at steps one through four, and

6  the Commissioner has the burden of proof at step five.  _Bustamante_, 262

7  F.3d at 953-54.  Additionally, the ALJ has an affirmative duty to assist

8  the claimant in developing the record at every step of the inquiry.  _Id._

9  at 954.  If, at step four, the claimant meets his burden of establishing

10 an inability to perform past work, the Commissioner must show that the

11 claimant can perform some other work that exists in "significant

12 numbers" in the national economy, taking into account the claimant's

13 residual functional capacity,[5] age, education, and work experience.

14 _Tackett_, 180 F.3d at 1098, 1100; _Reddick_, 157 F.3d at 721; 20 C.F.R. §§

15 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).  The Commissioner may do so by

16 the testimony of a vocational expert or by reference to the Medical-

17 Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P,

18 Appendix 2 (commonly known as "the Grids").  _Osenbrock v. Apfel_, 240

19 F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional

20 (strength-related) and nonexertional limitations, the Grids are

21 inapplicable and the ALJ must take the testimony of a vocational expert.

22 _Moore v. Apfel_, 216 F.3d 864, 869 (9th Cir. 2000) (citing _Burkhart v._

23 _Bowen_, 856 F.2d 1335, 1340 (9th Cir. 1988)).

24 \\

25 \\

26

27     [5]   Residual functional capacity is what "[one] can still do

28 despite [his] limitations" and represents an assessment "based upon all
   the relevant evidence in [one's] case record."  20 C.F.R. § 404.1545(a).

**THE ALJ'S DECISION**

The ALJ employed the five-step sequential evaluation process discussed above.  At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity at any time relevant to decision.  (AR 13).  At the second step, the ALJ found that Plaintiff's affective mood disorder and deafness in the right ear were severe impairments.  (Id.).  In addition, the ALJ found that Plaintiff had mood swings, decreased concentration, memory problems, and difficulty completing work assignments.  (Id.).

At step three, the ALJ ascertained that Plaintiff's impairments and affective mood disorder did not meet or equal a listing.  (Id.).  The ALJ determined that Plaintiff had the RFC to perform simple and complex tasks and relate to others appropriately at work.  (Id.).  He also noted that there was no significant problems with persistence and pace.  (Id.).

At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as a geologist.  (AR 15).  Accordingly, the ALJ found that Plaintiff was not disabled for purposes of eligibility for Supplemental Security Income or Disability Insurance Benefits.  (AR 16).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the

7

1   Commissioner's decision when the ALJ's findings are based on legal error
2   or are not supported by substantial evidence in the record as a whole.
3   Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing
4   Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th
5   Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

6

7        "Substantial evidence is more than a scintilla, but less than a
8   preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
9   which a reasonable person might accept as adequate to support a
10  conclusion." Id.  To determine whether substantial evidence supports
11  a finding, the court must "'consider the record as a whole, weighing
12  both evidence that supports and evidence that detracts from the
13  [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny
14  v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can
15  reasonably support either affirming or reversing that conclusion, the
16  court may not substitute its judgment for that of the Commissioner.
17  Reddick, 157 F.3d at 720-21.

18

19                              **DISCUSSION**

20

21        Plaintiff alleges that the Commissioner's decision should be
22  overturned for four reasons.  First, he asserts that the ALJ did not
23  properly consider testimony from Plaintiff's sister. (Jt. Stip. at 3).
24  Second, Petitioner contends that the ALJ did not properly consider lay
25  witness testimony from Plaintiff's mother. (Jt. Stip. at 7).  Third,
26  Petitioner complains that the ALJ failed to develop the record. (Jt.
27  Stip. at 12).  Fourth, Petitioner argues that the ALJ did not properly
28  consider the physical and mental demands of Plaintiff's past work as a

                                    8

geologist.  (Jt. Stip. at 16).  For the reasons discussed below, the Court agrees that remand is required because the ALJ did not expressly consider the mother's questionnaire.[6]

## A.   The ALJ Erred By Failing To Properly Consider Plaintiff's Mother's Questionnaire

In his decision, the ALJ does not expressly discuss the questionnaire completed by Plaintiff's mother.[7]  In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's functional limitations.  Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Smolen, 80 F.3d at 1288; 20 C.F.R. §§ 404.1513(d)(4)-(e) & 416.913(d)(4)-(e).  The ALJ may discount the testimony of a lay witnesses only if she gives "reasons that are germane to each witness."  Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); see also Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ

---

[6]   Because the Court concludes that the ALJ did not properly consider the mother's questionnaire, it will not address the remaining issues raised by Plaintiff.

[7]   The ALJ cites to the questionnaire as supporting his conclusion that "[t]he record does not show severely restricted activities of daily living[.]" (AR 14).  However, the ALJ did not accurately represent the nature of the questionnaire.  The questionnaire described Plaintiff as having a extremely limited daily activities.  In the questionnaire, Plaintiff's mother reported that Plaintiff is unable to remember to take his medicine and so she puts it out for him daily.  (AR 88).  She also noted that he cannot keep track of money because he cannot remember or focus.  (AR 89-90).  Plaintiff's mother also observed that he had difficulties understanding, following instructions, concentrating, completing tasks, and getting along with others.  (AR 91).  As such, the ALJ's characterization of the questionnaire as not showing "severely restricted activities of daily living" is a inaccurate.

must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

The Agency argues that the mother's questionnaire was not signed, and therefore the ALJ did not need to consider it. (Jt. Stip. at 9). In addition, the Agency notes that there were several discrepancies between the questionnaire and Plaintiff's testimony. (Jt. Stip. at 10). The lack of a signature and the inconsistencies with other evidence may have been reasons germane to the witness to disregard it. However, they cannot excuse the ALJ's failure to discuss the testimony in its entirety. The Ninth Circuit has concluded that an ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work is generally improper. Stout, 454 F.3d at 1055-1056; Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." Stout, 454 F.3d at 1053 (citing Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)).

Moreover, the Court cannot conclude that no reasonable ALJ, when fully crediting the mother's testimony, could have reached a different

disability determination.  See Stout, 454 F.3d at 1056.  As such, remand is proper.

**B.**   **Remand Is Required to Remedy Defects in the ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).  Because the ALJ failed to provide any reasons for rejecting the mother's competent lay testimony and the Court concludes that the ALJ's error was not harmless, the case must be remanded to remedy these defects.  Upon remand, the ALJ must consider the mother's testimony (and any other testimony, such as Plaintiff's sister) and, if necessary, give specific germane reasons why their testimony should be rejected.  As the Court did not reach all of the issues raised in this case, the parties shall not be precluded from addressing those issues or any other issues on remand.

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[8] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August__14_, 2007.

/s/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

_____

[8]  This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."